

**ORDERED in the Southern District of Florida on October 23, 2017.**

Robert A. Mark, Judge
United States Bankruptcy Court

_____

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

```
_____
                              )
                              )
In re:                        )   CASE NO.   16-12114-BKC-RAM
                              )   CHAPTER    11
KENDALL LAKE TOWERS           )
CONDOMINIUM ASSOCIATION, INC.,)
                              )
          Debtor.             )
_____)
```

MEMORANDUM OPINION AND ORDER ON
<u>CONDOMINIUM UNIT OWNER'S RIGHT TO ATTORNEY'S FEES</u>

Under Florida law and typical condominium declarations, unit owners have the right to recover attorney's fees if they prevail in litigation against the condominium association. The issue addressed in this opinion is whether this right to attorney's fees extends to litigation by an existing owner against the association over additional units the owner was attempting to purchase. For the reasons discussed below, the Court finds that it does not.

1

Factual and Procedural Background

CMG Fund, LLC ("CMG") filed an Amended Proof of Claim in this case [Claim 10-2] (the "Claim").  The Claim arises from litigation by CMG against the Debtor relating to certain units owned by CMG and certain other units CMG was attempting to purchase (the "Non-Owned Units").  The Debtor filed an objection to CMG's Claim and, in administering this contested matter, the Claim has been divided into subparts.  Claim 10(a) relates to Units 21-407 and 31-402, Claim 10(b) relates to an attempted purchase of Unit 107, and Claim 10(c) relates to Units 21-210, 31-110, 31-315, 1-105, 31-308, and 21-404.  CMG's Claim seeks attorney's fees based on attorney's fees provisions in the Declaration of Condominium and in Florida Statutes, Ch. 718 (the "Condominium Act").

On August 29, 2017, the Court entered its Order (1) Denying Summary Judgment Motions; (2) Setting Filing Requirements and Deadline; and (3) Setting Status Conference (the "August 29th Order") [DE #298].  The August 29th Order denied various motions for summary judgment and directed the parties to file supplemental memoranda on four legal issues.  This Order addresses the first legal issue described in the August 29th Order as follows:

> Is CMG Fund, LLC entitled to attorney's fees if it prevails in the objection to Claim 10(b) and in the objection to that portion of Claim 10(c) arising from units that it was unable to purchase? Stated another way, is the right of a unit owner to recover fees in litigation with the Association limited to litigation over units already owned or does its ownership of units

2

      allow it to recover fees in litigation arising from units it was unable to purchase because of alleged wrongdoing by the Association?

This issue relates to Claim 10(b), CMG's failed attempt to purchase Non-Owned Unit 107. It also relates to CMG's failed purchase or delayed purchase of Non-Owned Units 31-315, 1-105, 31-308, and 21-404, and to that portion of the attorney's fees sought arising from CMG's delayed purchase of Non-Owned Units 21-210[1] and 31-110. Some of the allegations relating to Units 21-210 and 31-110 arise from actions taken by the Debtor after CMG acquired title to those units, and any fees awarded if CMG is successful in pursuing those post-acquisition claims will not be subject to this Order.

## Discussion

The Court has reviewed the memoranda submitted by the parties in response to the August 29th Order [DE #318, 335, 359], reviewed the Declaration of Condominium, considered the arguments of counsel presented at a hearing on October 12, 2017, and reviewed applicable law, including the Condominium Act. For the reasons discussed more fully below, the Court concludes that CMG is not entitled to attorney's fees if it prevails in the objection to Claim 10(b) and in the objection to that portion of Claim 10(c) arising from its purchase or attempted purchase of Non-Owned Units. Simply stated, the right of a unit owner to recover fees in

---

[1] CMG sometimes refers to this unit as 21-110 and sometimes as 21-210.

litigation with the Association is limited to litigation relating to its rights as an existing owner.

Both the Declaration of Condominium and Florida's Condominium Act include prevailing-party attorney's fee provisions. Those provisions read as follows:

> In any proceeding arising because of an alleged failure of a Unit Owner or the Association to comply with the requirements of the Condominium Act, this Declaration, the exhibits annexed hereto, or the rules and regulations adopted pursuant to said documents, as the same may be amended from time to time, the prevailing party shall be entitled to recover the costs of the proceeding and such reasonable attorneys' fees including appellate attorneys' fees.

Dec. Art. XXIII.

> Actions for damages or for injunctive relief, or both, for failure to comply with [the] provisions [of the Condominium Act] may be brought by the association or by a unit owner against:
>
> (a)  The association.
>
> (b)  A unit owner.
>
>                       *   *   *
>
> The prevailing party in any such action * * * is entitled to recover reasonable attorney's fees

Fla. Stat. § 718.303(1).

Neither side has cited, and the Court has not found, any case law addressing the applicability of these attorney's fees provisions to a unit owner who sues an association in connection with the purchase or attempted purchase of an additional unit.  In

4

the August 29th Order, the Court ruled that as to Claim #8, Danay Bazain could not recover attorney's fees in connection with her effort to purchase a unit because she was not an owner of a unit at the time. [DE #298, p.3].  Under the same facts as Bazain, one Florida appellate court has reached the same conclusion. *Pacheco v. Lincoln Palace Condominium, Inc.*, 410 So.2d 573 (Fla. 3d DCA 1982).  In that case, the Third DCA reversed an attorney fee award

> [b]ecause appellant Pacheco was a potential purchaser and not a unit owner, and [the action was] not an action between unit owners and/or their condominium association for breach of statutory or contractual provisions governing such associations.

*Id.* at 574 (citations omitted).

Neither *Pacheco* nor this Court's ruling striking Bazain's claim for attorney's fees is controlling because CMG is both a prospective purchaser and a unit owner.  Nevertheless, the Court finds that neither Fl. Stat. § 718.303(1) nor the Declaration of Condominium entitle CMG to an award of attorney's fees if it prevails on its claims against the Debtor for alleged wrongs that occurred in its efforts to buy additional units.

## The Condominium Act

"Attorneys fees statutes are in derogation of the common law and must be strictly construed." *Palm Beach Leisureville Community Association, Inc. v. Raines*, 398 So.2d 471 (Fla. 4th DCA 1981) (citations omitted).  In accordance with that canon of statutory

5

interpretation, Florida decisions interpreting Fl. Stat. § 718.303(1) overwhelmingly favor a very narrow interpretation.[2]

As discussed earlier, if CMG was not a unit owner, it would have no right to recover fees in litigation over a failed or delayed purchase of a unit. The Court finds no logical reason to allow fees for those same claims just because CMG already owned a unit. There is nothing in the statute, or any clear legislative intent, compelling a different result. In fact, the statute is contained in a section of the Condominium Act titled "Obligations of owners and occupants; remedies," which logically relates to disputes pertaining to units already owned by the complainant. This conclusion is further supported by the fact that where the legislature intended to address the interests of prospective purchasers, the legislature explicitly did so.[3]

---

[2] *See, e.g., Palm Beach Leisureville Community Association, Inc. v. Raines*, 398 So.2d 471 (Fla. 4th DCA 1981)(community association is not a condominium association and, therefore, is not liable for attorney's fees); *Mainlands of Tamarac by the Gulf Unit No. Four Association, Inc. v. Morris*, 388 So.2d 226, 227 (Fla. 2d DCA 1980)(Fl. Stat. § 718.303(1) is inapplicable "to Management since it is neither a unit owner nor an association"); *Saul v. Basse*, 399 So.2d 130, 132 (Fla. 2d DCA 1981) ("The award of a fee was error [in a declaratory relief action] because . . . [*inter alia*,] th[e] lawsuit had nothing whatever to do with the litigation addressed by section 718.303, namely actions between unit owners and/or their condominium associations for breach of the statutory or contractual provisions governing such associations." (citation omitted)); *Ares v. Cypress Park Garden Homes I Condominium Association, Inc.,* 696 So.2d 885, 886 (Fla. 2d DCA 1997) ("[S]ection 718.303 does not authorize attorney's fees in an action for an accounting.").

[3] *See, for example,* Fla. Stat. § 718.303(1) ("The prevailing party . . . in any action in which the purchaser claims a right of voidability . . . is entitled to recover reasonable attorney's fees."); Fla. Stat. § 718.303(2) (authorizing an escrow agent to rely upon "[a]ny instruction given in writing by a unit owner or purchaser"); FL Staff An., S.B. 1196, 3/15/2010 (The Senate Staff Analysis and Economic Impact Statement regarding Senate Bills 1196 and 1222 states, "[r]egarding condominium associations, the bill . . . provides additional disclosure to prospective purchasers").

The Declaration of Condominium

CMG argues that its claims relating to Non-Owned Units are covered by the earlier cited attorney's fee provision in Article XXIII of the Declaration because that provision refers to "any proceeding." The Court rejects this argument. First, the Declaration states that the provisions of the Condominium Act prevail over any inconsistent provisions of the Declaration. Dec. Art. XX. As discussed earlier, the Condominium Act does not support this broad interpretation. Second, the Declaration is a contract between a condominium association and a unit owner effective when a party acquires a unit.[4] Logically, the attorney's fee provision is limited to disputes involving that existing ownership interest.

Florida law disfavors the interpretation of a contractual provision in a vacuum. *Hull v. Burr*, 50 So. 754, 764 (Fla. 1909) ("In construing any written instrument, . . . the entire instrument must be considered in order to gather the real intent and true design of the makers thereof."). Looking at the attorney's fees provisions in the Declaration, and the explicit intent of the Declaration, it is apparent that prevailing party attorney's fees

---

[4] The Declaration is "binding upon all unit owners as hereinafter defined." Dec. Preamble. The Declaration goes on to define "Unit Owner" and "Owner of a Unit" and "Member" interchangeably, indicating all three mean "the owner of a Condominium Parcel." Dec. Art. I(W). This is consistent with Article VII of the Declaration, which provides that an owner becomes a member upon acquisition of an ownership interest in a unit.

7

were meant to further the goal of enforcing the rights and obligations of the association vis-à-vis unit owners, and the rights and obligations of unit owners vis-à-vis one another. The Declaration, read as a whole, does not suggest it was drafted for purposes of protecting the financial grievances of a party whose attempts to purchase a unit were frustrated.

Although the Declaration touches upon the Association's rights vis-à-vis prospective purchasers, it does not define or give any rights to prospective purchasers. Dec. Art. VIII(C)(5). Nor does it provide prospective purchasers with a right to prevailing party attorney's fees. Rather, it bestows on the Association, and in some cases on the board of directors, unilateral rights to (i) compel a personal interview with a proposed purchaser, (ii) deny approval of a sale, (iii) void sales consummated in contravention of the Declaration, and (iv) collect attorney's fees against an existing owner for legal proceedings instituted to void a sale by that owner. Dec. Art. VIII(C)(5)(6)(9).

The intent to provide uniformity in the use and enjoyment of existing unit owners is echoed in another attorney's fee provision cited by CMG, specifically Article XVII titled "Failure to Comply with Condominium Documents," which provides as follows:

> Failure by the Owners of a Unit to comply with [condominium] documents shall entitle the Association or the Owner of other Units to [prosecute] . . . an action

8

>    to recover sums due for damages, injunctive relief, foreclosure or lien . . . .  Such relief may be sought by the Association or, <u>if appropriate</u>, by an aggrieved Owner of a Unit.  In any proceeding arising because of an alleged failure to comply by the Owner of a Unit or the Association, the prevailing party shall be entitled to recover . . . reasonable attorney's fees.

Dec. Art. XVII(A)(1)(emphasis added).

This provision does not support CMG's argument alleged right to recover attorney's fees in an action over a Non-Owned Unit. First, Article XVII(A)(1) addresses breaches only by unit owners, not by the Association.  Moreover, the reference to "other Units" in this provision simply means that <u>existing</u> unit owners can sue other <u>existing</u> unit owners for failure to comply with the condominium documents and recover attorney's fees if they prevail. This will apply if a unit owner engages in conduct that affects another unit owner's use and enjoyment of his or her existing unit.

There is nothing in the text or in the purpose of the Declaration to suggest that the attorney's fees provisions of the Declaration apply to disputes between the Association and "Unit Owners" regarding units that are not owned.  Indeed the effect of a contrary interpretation would be to nullify the requirement of ownership.  The only logical interpretation is that CMG is not a "Unit Owner" under the attorney's fees provisions in the Declaration with respect to units that it does not own.

In sum, where, as here, (i) ownership of a unit is a prerequisite to claiming rights under the Declaration, (ii) the

claims involve units that were *not* owned by the claimants, and, most importantly, (iii) resolution of the claims would have no impact upon the units already owned, the Court concludes that CMG is not entitled to attorney's fees on any claims relating to Non-Owned Units arising from alleged wrongdoing prior to its acquisition of these units. CMG is entitled to attorney's fees in claims alleging wrongdoing by the Association that delayed its purchase of new units only with respect to allegations of wrongdoing that occurred *after* it eventually took title. Only then was the contractual right to fees triggered because only then did the Declaration apply to CMG with respect to these additional units.

Therefore, it is –

**ORDERED** as follows:

1. The Debtor's objection to the attorney's fees sought in Claim 10(b) is sustained.

2. The Debtor's objection to the attorney's fees sought in Claim 10(c) is sustained with respect to any alleged wrongdoing by the Debtor in connection with CMG's delayed or failed purchase of Non-Owned Units.

3. CMG may pursue attorney's fees for its 10(c) claims with respect to allegations of wrongdoing by the Debtor after CMG closed on the purchase of any Non-Owned Unit.

###

COPIES TO:

John P. Arcia, Esq.

Ross Hartog, Esq.

Joel M. Aresty, Esq.

Adrian C. Delancy, Esq.